STATE EX REL. STONER, AUDITOR ET AL. *v.* JASPER CIRCUIT COURT ET AL.

[No. 26,586. Filed November 19, 1936.]

*Ira C. Tilton,* for appellant.

*Grant Crumpacker* and *Royal L. Lease,* for appellee.

FANSLER, J.—This is an original action for a writ prohibiting and restraining respondents from taking further action in a cause pending in the Jasper circuit court. Upon the filing of the petition a temporary writ issued.

It appears that in an action pending in the Porter Circuit Court the relator filed a motion for a change of venue from the county and a request that the judge submit a list of adjoining counties from which the respective parties should strike and thereby determine the county to which the cause should be sent. The judge selected Jasper county as the county to which the venue would be changed, and ordered the venue so changed, and fixed a time within which the change might be perfected by the relator by paying the costs of the change. The relator thereupon did pay the costs of the change of venue and the clerk certified the cause to the Jasper Circuit·Court. On the date the cause was filed in the latter court the relator appeared specially and filed written objections to the Jasper Circuit Court assuming jurisdiction of the cause, and asked that the cause be dismissed for the reason that the judge of the Porter Circuit Court had not complied with the law in determining the county to which the cause should be sent, and asserted that, by reason of such failure, the Jasper Circuit Court acquired no jurisdiction of the case. The only relief asked was that the cause be dismissed.

It seems clear that, if the Porter Circuit Court was in error in not handing down the names of the adjoining counties to be stricken in order to determine the county to which the cause should be sent, the Jasper Circuit Court had no jurisdiction to reverse the Porter Circuit Court and remand the case. The remedy for error committed by the Porter Circuit Court was either an appeal or an original action in this court to

compel action by the Porter Circuit Court if a proper jurisdictional question was involved. It follows that the Jasper Circuit Court had no power either to dismiss the cause of action or to remand it to the Porter Circuit Court. By acquiescing in the action of the Porter Circuit Court, in changing the venue to the Jasper Circuit Court, and by perfecting the change by paying the costs, thus causing the case to be certified to the Jasper Circuit Court, the relator is not in a position to assert that the cause is not properly in the latter court. *Coleman et al.* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75.

The temporary writ, having been improvidently issued, is dissolved and a permanent writ is denied.