BOARD OF COUNTY COMMISSIONERS OF ST. JOSEPH COUNTY ET AL. *v.* CROWE.

[No. 26,975. Filed May 17, 1938. Rehearing denied July 13, 1938.]

*J. Clifford Potts* and *George L. Rulison,* for appellants.

*Lewis Hammond, Walter R. Arnold* and *Herbert J. Patrick,* for appellee.

ROLL, C. J.—By his complaint herein, appellee seeks to recover additional salary as auditor of St. Joseph County, in the sum of three thousand seven hundred ($3,700.00) dollars. The claim as filed and allowed by the board of commissioners of St. Joseph County and as set out in his complaint, omitting the oath, is as follows:

"ST. JOSEPH COUNTY, INDIANA:

To Fred P. Crowe, Dr.

| | |
|---|---|
| Salary due for the year of 1933 (Burns' Annotated Indiana Statutes 1926, Sec. 7839) | $15,000.00 |
| Less reduction account of Chap. No. 40, Acts of 1932 | 3,900.00 |
| | $11,100.00 |
| Amount received from St. Joseph County for the year 1933 | 7,400.00 |
| Balance due for the year 1933 | $ 3,700.00" |

Appellants defended upon the ground that Ch. 82, Acts 1919, p. 449, as amended by Ch. 65, Acts 1921, p.

143, §7839 Burns' Ind. St. 1926, is unconstitutional, in that it is in conflict with and violates Clause 14 of §22, Art. 4, of the Constitution of Indiana, which provides:

"The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . . In relation to fees or salaries; except that the law may be so made as to grade the compensation of officers in proportion to the population and necessary services required . . ."

Appellants contend that if under the pleadings and under the facts shown by the evidence the statutory sections here in controversy are held valid the following results will necessarily follow. (1) A higher salary for the auditor in a smaller county where smaller services are required, and a lower salary in a larger county where larger services are required. (2) That an arbitrary, unequal and discriminatory burden will be imposed upon the taxpayers of St. Joseph county, which is not imposed upon the taxpayers of other counties similarly situated, or naturally belonging in the same or a higher classification. To substantiate the above proposition appellants introduced evidence as to some forty factual items, as they relate to Marion, Lake and St. Joseph counties, as they relate to the state total. The result in per cent is as follows:

|  | Marion County | Lake County | St. Joseph County |
|---|---|---|---|
| Service Transactions.... | 10.94% | 6.10% | 3.94% |
| Population | 13.05% | 8.06% | 4.94% |

The average of these two factors are, Marion County 13.36%, Lake County 7.84% and St. Joseph County 4.94%. The evidence shows that approximately the same ratio existed in 1921.

At the time the 1921 act here in question was passed, it in fact applied to Lake County, for the reason that Lake County was the only county that fell within the

class defined by the terms of the act. At that time the salary of the auditor of Marion County was nineteen thousand five hundred ($19,500.00) dollars per year, and that of Lake County was fifteen thousand ($15,000.00) dollars per year, and that of St. Joseph County was ten thousand ($10,000.00) dollars per year. In view of the above factors for each of the three counties and the salaries under the law as fixed by the 1921 act, we have the following, Marion County with a factor of 13.36 and a salary of nineteen thousand five hundred ($19,500.00) dollars; Lake County with a factor of 7.84, receiving a salary of fifteen thousand ($15,000.00) dollars, and St. Joseph County with a factor of 4.94, receiving a salary of ten thousand ($10,000.00) dollars. It will thus be seen, that while there is some difference, yet they certainly attain the proximate equality demanded by the provisions of the Constitution. In fact appellants do not contend that there is such a difference as would render the act unconstitutional. But appellants in effect contend that at the same session of the Legislature, but later in the term, the General Assembly passed another act, which classified counties with a population in excess of three hundred thousand (300,000) inhabitants, and fixed the salary of the auditor in such counties at seven thousand five hundred ($7.500.00) dollars per year. That Marion County came within this class, and was the only county with a population of over three hundred thousand (300,000), and that in 1930 the United States census showed that St. Joseph County had reached the required specifications to entitle the auditor of the county to a salary of fifteen thosuand ($15,000.00) dollars per year, and that by some subsequent action of the Legislature or by the happening of certain events the auditor of Lake County now receives a salary of seven thousand five hundred ($7,500.00),

and therefore the act of 1919 as amended in 1921 is rendered unconstitutional.

From all the evidence introduced it is clear that the act of 1919, as amended in 1921, was not subject to the constitutional objection now urged against it. The salary of county auditors as fixed by that act was graded as to population and necessary services rendered as compared to the salaries of all the other county auditors in the state. If an act of the Legislature fixing salaries of county officials is valid and constitutional when enacted, it is not rendered unconstitutional by subsequent acts of that body. The constitutionality of an act does not depend upon subsequent action of the Legislature. *Crowe* v. *Board of Commissioners* (1936), 210 Ind. 404, 3 N. E. (2nd) 76. The salaries of the auditors of Lake and Marion Counties are used as comparison with the salary of St. Joseph County, to show that they are not graded according to population and necessary services rendered. Whether or not the salary of the auditor of Lake County and of Marion County are too low and out of line with all the other counties of the state we do not decide. The Legislature may have had other factors in mind in fixing the salaries of the county auditors in these counties which we are not here considering. We are not therefore concerned with any statutes other than the one challenged. Considering the 1919 act at the time of its passage in the light of all the other acts fixing the salaries of county auditors, we find no constitutional objection thereto.

Judgment affirmed.