WIMBERG, ADMX. *v.* KROEMER, ET AL.

[No. 16,337. Filed May 10, 1940.]

H. A. S. *Levering*, of Fort Wayne, for appellant.

A. *Everett Bloom, Thomas G. Moorhead, Eph. P. Dailey* and *James P. Murphy*, all of Fort Wayne, for appellees.

CURTIS, J.—This is an attempted vacation appeal in a civil action governed by the rules in "Appeals to the Supreme and Appellate Courts" effective August 31, 1937. Rule 1 of said rules provides as follows:

> "Appeals from final judgments in all civil and criminal cases in which the final judgment is entered or a motion for a new trial is ruled upon subsequent to the thirty-first day of August, 1937, must be taken within 90 days of the date of the judgment or the ruling on the motion for a new trial. Where the appellant is under legal disability at the time the judgment is rendered, he may have

his appeal within 90 days after the disability is removed."

The judgment was rendered against the appellant on the 15th day of June, 1938 upon her refusal to plead further after a ruling of the trial court sustaining a demurrer to her complaint. The transcript was filed in this court November 14, 1938, which was more than 90 days after the said final judgment was entered, there being no motion for a new trial filed.

The appellant, relying upon § 2-3204, Burns' 1933, § 480, Baldwin's 1934, seeks to maintain her appeal upon the ground that the trial court, on the 15th day of October, 1938, upon the motion of the appellant for an "extension of time in which to file a transcript of the record in this cause in the Appellate Court" made an order that the appellant "be and she now is given until November 15, 1938 in which to file a transcript of the record of this cause in the Appellate Court, and time is so extended."

It is to be noted that the transcript was filed in this court one day before the expiration of the time limited in said order. If therefore, the said order of the trial court was valid and within the power of that court to make then the appeal is timely, otherwise it must be dismissed in accordance with said Rule 1 above set out.

We are of the opinion that the rule above set out superseding the statutes governs this appeal and that the trial court had no power to make the order extending the time for filing the transcript. The appellant, however, argues that the appellees made no objection and reserved no exception to the order at the time it was made and that they cannot now in this court question the validity of the order. This argument is beside the question. The filing of the transcript within the time provided is a jurisdictional step and

cannot be waived by the appellees. It follows therefore that the appeal must be dismissed. See: *Hill* v. *Lincoln National Bank & Trust Co.* (1938), 214 Ind. 446, 15 N. E. (2d) 1019.

Appeal dismissed upon the court's own motion.

NOTE.—Reported in 27 N. E. (2d) 115.