MALEY ET AL. *v.* CITIZENS NATIONAL BANK OF EVANSVILLE

[No. 17,887. Filed June 6, 1950. Rehearing denied September 27, 1950. Transfer denied December 6, 1950.]

*Edwin C. Henning* and *Joseph B. Minor,* both of Evansville, for appellants.

*Waller, McGinnis & Merrill;* and *Robert D. Norton,* both of Evansville, for appellee.

BOWEN, J.—This is an appeal from a judgment of the Gibson Circuit Court in an action originally instituted in the Vanderburgh Probate Court by the appellants as plaintiffs seeking to terminate a trust. The prayer of the first paragraph of the complaint asked that the trust in question be terminated and other proper relief. The second paragraph of the complaint contained similar allegations as the first and in the prayer asked for a termination of the trust, and in the alternative asks a $10,000 recovery from the corpus of the trust by reason of alleged failure and shrinkage of income, and a modification thereof to produce a larger income from investments.

Issues were formed upon appellee's demurrer to each the first and second paragraphs of complaint. The demurrer to both the first and second paragraphs of complaint were overruled by the Vanderburgh Probate Court. Venue of the cause on application of appellee was changed to the Gibson Circuit Court, and the appellee after the cause was properly on the docket of such court moved the court to reconsider the ruling on the demurrer to appellants' complaint. Thereafter, the demurrer of appellee to the first and second paragraphs of complaint was sustained by the Gibson Circuit Court, appellants refused to plead further, and judgment was rendered for appellee and that appellants take nothing by their action, and this appeal followed.

Errors assigned for reversal are that the court erred in sustaining appellee's motion to reconsider the ruling of the Vanderburgh Probate Court on the demurrer to plaintiffs' complaint, and that the court erred in sustaining appellee's demurrer to the first and second paragraphs of appellants' complaint.

The grounds of appellee's demurrer as to the first and second paragraphs of complaint are that there is a defect of parties defendant, and that the complaint does not state facts sufficient to constitute a cause of action.

The allegations of fact in the first paragraph of plaintiffs' complaint are that Henry W. Maley, now deceased, was born February 28, 1903 and died intestate March 22, 1935, and on January 22, 1927 was the husband of plaintiff, Virginia Maley, and the father of the two plaintiffs, Henry W. Maley and Virginia W. Maley, and that the said Henry W. Maley, deceased, was survived by the plaintiffs, Henry W. Maley and Virginia W. Maley, as his sole and only heirs at law; that on March 8, 1924 said Henry W. Maley, deceased, and the plaintiff, Virginia Maley, were married and as the fruits of such marriage, the plaintiffs, Henry W. Maley and Virginia W. Maley, were born and are now age 23 years and 22 years respectively; that Henry W. Maley, now deceased, and the plaintiff, Virginia Maley, lived together as husband and wife until July, 1926, when they were separated and a divorce action was filed; that Henry W. Maley, now deceased, was a son of Eva Webb Maley who died January 9, 1923, testate; that her last will and testament which was duly admitted to probate bequeathed to the Citizens Trust and Savings Bank of Evansville, Indiana, in trust all the investments owned by said Eva Webb Maley at her death, and the income from such trust so created by her will was to be paid over to her two children surviv-

ing her, Henry W. Maley, now deceased, and Margaret Maley, in equal shares until such children shall reach the age of 26 years respectively at which occurrence such trustee was directed to pay to such Henry W. Maley, now deceased, and Margaret Maley ⅛ of the corpus of said trust and the remaining ¾ should be divided between them when each should reach and attain the age of 31 years; such trust estate was of the value of approximately $225,000 and the major part of $160,000 par value Fourth Liberty Loan Bonds 4¼% of the United States. Such will further provided that in the event of either of such children's death prior to the time of final settlement of such trust that the full amount of such deceased child's share should be transferred to his or her legal heirs; that during the pendency of such divorce action between Virginia Maley and Henry W. Maley, now deceased, a reconciliation was effected between the parties on January 22, 1927, by which the parties entered into a contract and agreement and in consideration of their resumption of marital relations, Henry W. Maley, now deceased, created a trust for the maintenance and security of himself, his then wife, and their two children, which agreement was duly approved by the Vanderburgh Probate Court wherein the trust created by Eva Webb Maley, deceased, was pending and which court had jurisdiction thereof. The complaint alleged that Virginia Maley had performed each and every obligation required to be performed by her in such agreement. Such trust agreement directed the Citizens Trust and Savings Bank of Evansville to set aside $75,000 par value of Fourth Liberty Loan Bonds of the United States bearing 4¼% interest annually out of the corpus of the trust created by the last will and testament of Eva Webb Maley, deceased, and directed the Citizens Trust and Savings Bank of Evansville, so

long as the trust created by the will of Eva Webb Maley shall continue to pay the gross income from said bonds so long as the Henry W. Maley, now deceased, and the plaintiff, Virginia Maley, were living together as husband and wife, monthly, in the following manner: (a) $100.00 thereof to the plaintiff, Virginia Maley, to be hers and to be used as she desires; (b) the remainder thereof to be paid to Henry W. Maley, now deceased, to be used by him for the maintenance of himself, his wife, Virginia Maley, and their children, Henry W. Maley and Virginia W. Maley, the last three being plaintiffs in the action in the court below. The trust agreement further provided that if Henry W. Maley, now deceased, and his then wife, Virginia Maley, one of the plaintiffs herein, should separate and no longer live together as husband and wife, or if the wife, Virginia Maley, should notify said trustee, the Citizens Trust and Savings Bank of Evansville, in writing that she so desired, then the entire amount of said deducted income should be, after the receipt of such notice, paid monthly to such Virginia Maley, the same to be used by her for the support of herself and their two children, and said income was to be considered in any action for divorce that should thereafter be brought by Virginia Maley as being in lieu of alimony and paternal support of the two children of said parties. The agreement further provided that upon the termination of such trust created by the will of Eva Webb Maley, deceased, as to said Henry W. Maley, now deceased, then said trustee should deliver to itself and hold and own as trustee from the portion of the assets of such trust created by the will of Eva Webb Maley, which would have otherwise become the absolute property of Henry W. Maley, now deceased, $75,000 in par value of Fourth Liberty Loan Bonds of the United States bearing $4\frac{1}{4}\%$ interest annually or better

provided that Virginia Maley should have the right, if she so desired, to select other securities of the value of $75,000 in lieu of bonds referred to. Such bonds or selected securities were to be held by such trustee upon the following terms and conditions: The income from said trust, so long as the parties were living together as husband and wife, be paid monthly in the following manner: (a) $100 per month to Virginia Maley for her own use and purpose, (b) the remainder of the net income of such trust to be paid to Henry W. Maley, now deceased, for the support and maintenance of himself, and the plaintiffs in the court below, Virginia Maley, Henry W. Maley, and Virginia W. Maley. The agreement also provided that if the parties to such agreement ceased to live together as husband and wife or should said party, Virginia Maley, the then wife, notify in writing such Citizens Trust and Savings Bank or its successor, as trustee of her desire to receive the entire net income of such trust then and in that event said trustee should pay monthly to said Virginia Maley the net income of such trust to be used by her for the support of herself and the children of the parties thereto the same being in lieu of any alimony that might thereafter be asked in any divorce action between the parties and in lieu of statutory liability of Henry W. Maley, now deceased, for support of such children. It was further provided that the death of any of said children shall not change any of the conditions of such contract; that upon the death of Virginia Maley, said property so held in trust shall become the property and belong to the children of the parties hereto, or to the survivor or survivors then living at the death of said Virginia Maley, and should continue to be so held in trust until the youngest of such children should arrive at the age of 26 years. It was further

provided that should such children precede Virginia Maley in death, then and in that event, the income from such trust shall be paid to Virginia Maley for her support and maintenance and at her death should revert to and belong to said Henry W. Maley, now deceased, or his heirs then living. The complaint further alleged that the Eva Webb Maley trust as to Henry W. Maley, now deceased, terminated February 8, 1934, when he became 31 years old and such trustee of the Eva Webb Maley trust delivered to itself as trustee under the reconciliation agreement $75,000 par value of Fourth Liberty Loan Bonds of the United States bearing $4\frac{1}{4}\%$ interest annually, and that there were no other securities remaining in such trust at such termination, tax free and earning $4\frac{1}{4}\%$ annual interest or of any better kind or character; that Henry W. Maley, now deceased, and Virginia Maley were divorced on October 25, 1932, and prior to the granting of the divorce to Virginia Maley on January 20, 1932, she notified the trustee in writing of her desire that the entire net income of such trust be paid to her, and ever since such has been done. The complaint alleged that the two children, Henry W. Maley and Virginia W. Maley, are the sole and only heirs of Henry W. Maley, now deceased, living and sui juris, and that they now have a vested interest in said trust fund of $75,000 subject to the life estate of the plaintiff, Virginia Maley, the mother.

Rhetorical paragraphs of the complaint numbered 12, 13, 14, and 15 are wholly recitals of the merger and consolidation of the Citizens Trust and Savings Bank, original trustee, and the Citizens National Bank which are not set out, being unnecessary to a determination of the merits of this appeal or the merits of the judgment of the court below. The merger legally

occurred and the Citizens National Bank thereupon succeeded to all the fiduciary rights and powers as trustee in the trust created January 27, 1927.

The complaint contained further allegations as to the purpose and intention of the parties to such trust agreement, to provide a manner of life for the mother, and children in the proper surroundings, and alleged the increased cost of living, and that the funds of such trust cannot be invested in tax free bonds par 4¼% and that the trust is impossible of performance; that Henry W. Maley, and Virginia W. Maley, the children together with the mother, Virginia Maley, are the sole and only beneficiaries of the trust agreement and are all in being and sui juris, thoroughly conversant with and fully understanding the purpose, meaning and intentions of said trust agreement, and that they have agreed with each other for a valuable consideration that such trust be terminated and to that end on the 3rd day of December, 1947, delivered to the defendant successor trustee a notice of such agreement to dissolve and terminate the trust; that such defendant successor trustee has refused to terminate such trust; that the sole expense of administering said trust has been an annual agreed fee of $75.00 per year and that said trust has in fact been a dry and inactive trust, and that plaintiffs have been deprived of income since 1934 to the total amount of $9,884.40 which is now due and owing her from the corpus of the trust and wholly unpaid.

The prayer of the first paragraph of the complaint asks that the trust be terminated and for other proper relief in the premises.

Paragraph No. 2 of the complaint re-alleged all of the allegations in rhetorical paragraphs 1 to 16 of Paragraph No. 1 of the plaintiffs' complaint, and further alleged that the original 4¼% Fourth Liberty Loan

Bonds were called and that ever since such call, the plaintiffs have requested the defendant and the predecessor trustee but at all times have been answered that no investments would be made except in United States Bonds; that Henry W. Maley and Virginia W. Maley are the sole and only heirs at law of said Henry W. Maley, now deceased, and the sole and only beneficiaries of said trust agreement; that the purpose and intention of the trust cannot be accomplished; that the trustee should be ordered and directed to pay the sum of $9,884.40 to Virginia Maley from the corpus of said trust and such trust should be terminated; that said Henry W. Maley and Virginia W. Maley, children of the parties, are the owners of said remainder of the estate vested by the terms of the trust agreement and the laws of descent and distribution. The prayer of the complaint asks the payment of the $9,884.40 from the corpus of the trust and that such trust be adjudged terminated, and in the alternative prayed that the defendant trustee be ordered to pay from the corpus of said trust to the plaintiff, Virginia Maley, the sum of $10,000 and that said trust be modified to enable the trustee by and with the advice of the beneficiaries thereof to invest the remainder of said bonds in such securities which will enable it to earn an overall of $4\frac{1}{4}\%$ interest or better and for all other proper relief.

The first assignment of error challenges the judicial authority or power of the Gibson Circuit Court to which the cause was venued to reconsider the Vanderburgh Probate Court's ruling on appellee's demurrers, and that the Gibson Circuit Court had no judicial authority to rehear said demurrers or reverse the ruling of the Vanderburgh Probate Court by sustaining said demurrers on a reconsideration thereof.

It cannot be questioned that a trial court has the power to vacate a previous ruling, and it is perfectly

proper upon good cause shown for the trial court to reconsider a previous ruling, vacate it, and make a modified or contrary ruling. 1 Gavit, *Indiana Pleading and Practice,* § 137, p. 652; *First National Bank of Huntington* v. *Williams et al.* (1891), 126 Ind. 423, 26 N. E. 75.

A court to which a cause is venued has the same jurisdiction and power to make any order or ruling which would have been made by the court in which the cause was originally filed.

Upon a change of venue, the court to which the cause is venued acquires jurisdiction of the cause and of the subject-matter which is coextensive with that of the court from which it was removed, and can make any order and render any judgment which might have been rendered by the court in which the action originated. *Niagara Oil Co.* v. *Jackson* (1911), 48 Ind. App. 238, 91 N. E. 825; *State ex rel. Karsch* v. *Eby, Judge* (1941), 218 Ind. 431, 33 N. E. 2d 336; *Trook* v. *Trook* (1916), 63 Ind. App. 272, 113 N. E. 730.

The Gibson Circuit Court, therefore, had the judicial power and authority to reconsider the action of the Vanderburgh Probate Court in overruling appellee's demurrers and to sustain such demurrers on such reconsideration, and did not err in so doing.

The second ground of demurrer presents the question as to whether the complaint states a good cause of action for the termination of the trust created by the terms of the reconciliation agreement.

The trust agreement in question contains the following provision:

"It is further provided that the death of any of said children shall not change any conditions of this contract, and that upon the death of Virginia

Maley, then said property so held in trust shall become the property of and belong to the children of the parties hereto, or to the survivor or survivors then living at the death of said Virginia Maley, and shall continue to be held in trust until the youngest of such children shall arrive at the age of twenty-six years."

The settlor of this trust who is, now deceased, for reasons which appeared sufficient to him has expressly withheld from his children in event of the death of the mother, Virginia Maley, the property so held in trust until the youngest of such children should arrive at the age of 26 years. From the complaint it appears that at the time the same was filed, such children, Henry W. Maley and Virginia W. Maley, were 23 and 22 years of age, respectively.

The foregoing provisions of the trust fix the period of its duration based upon the contingency of the death of the mother. We are, therefore, called upon to determine the question whether, where the provisions of a trust agreement definitely fix the period for its termination based upon the beneficiaries attaining a definite age, the same may be terminated prior to the attaining of such age by such beneficiaries, being sui juris and consenting to and requesting such termination. Can the beneficiaries compel the termination of such trust before reaching the age and the time fixed by the terms of the trust?

The English view is that a beneficiary of a trust can terminate it if he is under no legal incapacity even though the testator has expressly provided that the trust shall not be terminated until the beneficiary reaches a designated age. The English rule is based upon the ground that the beneficiary of the trust is in substance the owner of the trust estate and should be permitted to do with it as he wishes. 3 *Scott on Trusts,*

§ 3373, p. 1842 et seq.; 4 *Bogert on Trusts,* § 1002, p. 491, et seq., and cases cited therein.

The majority rule in the courts of this country is directly opposite. The leading case in this ■ country is the Massachusetts case of *Claflin* v. *Claflin* (1889), 149 Mass. 19, 20 N. E. 454.

In *Wilson, Trustee* v. *Edmonds* (1922), 78 Ind. App. 501, 136 N. E. 48, this court quotes with approval as follows:

"As was said in *Cuthbert* v. *Chauvet* (1892), 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745: 'It is true that Courts of Chancery and other equity tribunals have always exercised a supervisory power over the management of trust estates and the conduct of trustees, but they have never, save in exceptional cases, asserted the power to dissolve a trust before the expiration of the term for which it was created. The exceptions have been rare, and have always belonged to a well defined class, where the interference of the court did not disturb or destroy the trust scheme, but was rendered necessary in order to prevent its entire failure. Trusts which have become impossible of performance because of the existence of conditions not anticipated or foreseen when they were created, are of this character; also marriage settlements where the marital relation has been annulled; and other kindred cases. There was also a larger class, where the court would decree dissolution of the trust upon the application of all the interested parties, but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished, and all the interests created by it had become vested. (2 Perry on Trusts [3d ed.] § 920: *Bowditch* v. *Andrew,* 8 Allen. 341.) Even then the assent of the trustee was essential to the exercise of jurisdiction. In none of these cases could it be said that the plan of the trust had been defeated, or the trust funds diverted from their original purpose. In all of them the trust had become moribund and its life had practically terminated by the force of events not within the control of

the trustee, and for which provision had not been made in the trust deed, and a final distribution of the trust estate could properly be decreed, but we have failed to find a case where it was ever attempted, as it is here, to strangle a trust in its infancy by judicial coercion. . . : Trusts are usually created for the purpose of withholding from the beneficiaries or other interested parties the control and disposition of the principal of the trust fund for reasons which appear sufficient to the settlor, and they are not as a general rule regarded with satisfaction by the persons who are thus deprived of the possession of the trust estate; and if the precedent here sought to be established should prevail, it would be easy for the parties, who would profit by a dissolution of the trust, to create a condition which would render such a result attainable.'

"It is clear that the facts alleged are not sufficient to warrant the removal of the trustee or the termination of the trust."

The appellant herein contends that the trust in question has become impossible of performance because of the present impossibility of earning $4\frac{1}{4}\%$ interest on $75,000 of tax free bonds. The trust agreement does not mandatorily require the trustee to make investments in U. S. Government Bonds earning $4\frac{1}{4}\%$ interest. These bonds were in the trust estate of the settlor's mother, and Virginia Maley was permitted by the trust agreement to participate in the selection of the original corpus. The provision of the trust agreement determined the type of securities which should comprise the original corpus. The agreement does not mandatorily require any particular investments. The trustee is charged only with the responsibilities and duties of a trustee generally to make proper investments. The fact that the trustee has not made investments in accordance with the wishes of the beneficiary nor the fact that the bene-

ficiary might have the right on a proper showing to have the court order the trustee to make other investments in order to carry out the intention of the settlor, is not such a situation which creates an impossibility of performance which would serve as a good cause of action to terminate the trust.

Neither paragraph of appellants' complaint ▪ sets out any facts constituting a ground for the termination of the trust pro tanto or completely. The purpose of the trust agreement as shown from a consideration of all of its terms was to set aside the sum of $75,000 in trust for the beneficiaries thereof, so that the income could be paid to the beneficiaries entitled thereto under the terms of an agreement upon proper investments by the trustee.

For the reasons given herein, appellants' complaint did not state facts sufficient to constitute a cause of action, and the lower court did not err in sustaining appellee's demurrers to such complaint.

Judgment affirmed.

NOTE.—Reported in 92 N. E. 2d 727.