T. ROY WADKINS *v.* JACK E. THORNTON.

[No. 971A187. Filed March 16, 1972. Rehearing denied April 11, 1972.]

*R. D. Reading,* of Wabash, for appellant.

*Thomas J. Mattern, McCallen & Johnston,* of Wabash, for appellee.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—This attempted appeal resulted from the granting of summary judgment in an action to enforce a foreign judgment.

An unexpected development deters us from the usual statement of facts and issues upon which a decision might be rendered on the merits in this cause. Instead, we recite these entries by the trial court revealed by our scrutiny of the Transcript:

Tr. p. 37

December 1, 1970—The court enters summary judgment for plaintiff in the sum of $9,241.94.

Tr. p. 47

May 26, 1971—The court overrules the Motion to Correct Errors.

Tr. p. 47

August 13, 1971—The court reenters its Order of May 26, 1971, overruling the Motion to Correct Errors in these words:

"By agreement, the order over-ruling the Motion to correct errors is now re-entered as of July 1, 1971."
(No reason or explanation is given for this entry.)

The defendant-appellant T. Roy Wadkins (Wadkins) filed a Transcript with the Clerk of the Supreme and Appellate Courts on September 29, 1971, one hundred twenty-seven days after the May 26, 1971 entry overruling the Motion to Correct Errors but within 90 days from July 1, 1971. The 90-day period subsequent to May 26, 1971 expired on August 24, 1971.

Rule AP. 3 (B) requires that "the record of the proceedings must be filed with the clerk of the Supreme and Appellate Courts within ninety (90) days from the date of the judgment or the ruling on the motion to correct errors, whichever is later."

ISSUE—As we see it, the sole question presented is whether the trial court had power over this cause on August 13, 1971 to change the date of its entry overruling the Motion to Correct Errors from May 26, 1971 to July 1, 1971.

DECISION—It is our opinion that this appeal must be dismissed because the trial court did not have power subsequent

to overruling the Motion to Correct Errors to change the date of this action to a later date without good cause.

A similar situation was considered in *McIntosh* v. *Monroe* (1953), 232 Ind. 60, 111 N. E. 2d 658. In *McIntosh,* by consent of all the parties, the trial court's overruling of the appellant's motion for a new trial was reinstated and again overruled in order to grant the appellant an additional 90 days within which to perfect his appeal. In reviewing the trial court's action, our Supreme Court had this to say:

> "* * * the trial court was without jurisdiction on January 2nd, 1952, *even with the consent of the parties* to set aside its action in overruling the motion for new trial on April 3 1951, to reinstate the judgment and again overrule the motion for new trial, and to grant defendant ninety days time within which to perfect his appeal. This action by the trial court is null and void." (Emphasis supplied.)

We recognize that before terms of court were abolished, it was the general rule that "a court has full and complete control of the record of its proceedings *during the term at which the proceedings are had,* and, during such term, *for good cause,* may correct, modify or vacate any of its judgments or orders made therein." (Emphasis supplied.) *State, ex rel. Neal* v. *Superior Court of Marion County, Room 2, et al.* (1930), 202 Ind. 456, 174 N. E. 732. See also *Hoffman* v. *Hoffman* (1944), 115 Ind. App. 277, 57 N. E. 2d 591 (attempt to modify a judgment after the cause was venued to another county for further proceedings); *In Re Decker's Estate* (1951), 122 Ind. App. 390, 102 N. E. 2d 920 (motion to vacate and correct an order approving an administrator's final report). We also are aware that the re-entry in *McIntosh* occurred during a subsequent term of the trial court and was therefore void since the jurisdiction of trial courts over causes of action ceased with the expiration of the term in which the final judgment was rendered. The court was thus

powerless in a new term to correct or amend judgments rendered in a previous term. *Wagner* v. *McFadden* (1940), 218 Ind. 400, 31 N. E. 2d 628; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 177 N. E. 866.

This state of affairs was changed in 1967, when the distinction between term time and vacation time in all courts of the State of Indiana was abolished by the enactment of IC 1971, 33-1-6-1, Ind. Ann. Stat. § 4-6310 (Burns 1968). This statute extended the term for all courts to the calendar year. However, IC 1971, 33-1-6-1, Ind. Ann. Stat. § 4-6312 (Burns 1968) has limited the power a court possesses over its judgments to a period of 90 days after the judgment is rendered. Therefore, courts now have the same power to act during the 90 day period following rendition of a judgment as they did during term time.

Courts in Indiana have traditionally possessed broad powers in term time, on their own motion or upon that of any of the parties, to modify, set aside or vacate their judgments. *Clouser* v. *Mock* (1959), 239 Ind. 143, 155 N. E. 2d 745. See also 49 C. J. S. *Judgments* § 229, p. 436; *Tri-City Electric Service Co.* v. *Jarvis* (1933), 206 Ind. 5, 185 N. E. 136; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122; *Ryon, Receiver* v. *Thomas* (1885), 104 Ind. 59, 3 N. E. 653; *Merrill* v. *Shirk* (1891), 128 Ind. 503, 28 N. E. 95.

Granting that during the 90 day period courts now have broad powers with respect to their judgments, such judicial acts may not be effected solely for the accommodation of parties or by the whim or caprice of the judge. Were it not so, a trial judge could by a wave of his gavel inhibit finality of judicial proceedings and effectively emasculate appellate rules, such as Rule AP. 3(B), *supra*. "Good cause" within the meaning of the *Neal, Hoffman* and *Decker* cases, *supra*, must be made to appear.

Rule TR. 60 of the Indiana Rules of Civil Procedure contemplates the "good causes" which warrant relief from a judg-

ment or an order. Besides clerical mistakes, Rule TR. 60 (B) provides relief from a judgment or an order under any of the following eight conditions:

"(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) judgment by default was entered against such party who was served only by publication and was without actual knowledge of the action and judgment, order or proceedings;

(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that

(a) at the time of the action he was an infant or incompetent person, and

(b) he was not in fact represented by a guardian or other representative, and

(c) the person against whom the judgment order or proceeding is being avoided procured the judgment with notice of such infancy or incompetency, and, as against a successor of such person, that such successor acquired his rights therein with notice that the judgment was procured against an infant or incompetent, and

(d) no appeal or other remedies allowed under this subdivision have been taken or made by or on behalf of the infant or incompetent person, and

(e) the motion was made within ninety [90] days after the disability was removed or a guardian was appointed over his estate, and

(f) the motion alleges a valid defense or claim;

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any other reason justifying relief from the operation of the judgment."

The term "judgment" as used pursuant to Rule TR. 60 is defined by Rule TR. 54(A):

"(A) DEFINITION—FORM. 'Judgment' as used in these rules includes a decree and *any* order from which an appeal lies." (Emphasis supplied.)

An appeal lies from a decree overruling a motion to correct errors. Consequently, such a decree is a judgment within the framework of Rule TR. 60 and the *Neal, Hoffman,* and *Decker* cases, *supra.*

The only semblance of an explanation for the trial court's action in the record before us was that the parties agreed to re-enter the overruling of the Motion to Correct Errors— which ruling had the effect of granting Wadkins additional time within which to perfect his appeal. None of the conditions enumerated by Rule TR. 60 appear to have prompted the trial court's action.

In *Wimberg* v. *Kroemer* (1940), 108 Ind. App. 65, 27 N. E. 2d 115, the trial court entered an Order approximately 90 days after final judgment was entered (no Motion for New Trial having been filed) specifically extending the time in which a party might file the Transcript of the record in the Appellate Court. This attempt to supersede Appellate Rules of Procedure resulted in dismissal of the appeal because the trial court had no power to make an order extending the time for filing a transcript. There are numerous cases to the same effect. See *In Re Wiles* (1935), 208 Ind. 271, 195 N. E. 572.

The nature of the judicial act in rendering judgment was recently brought into focus by Justice Prentice in *State* v. *Bridenhager* (1971), 257 Ind. 544, 276 N. E. 2d 843:

"*\* \* \** for many purposes, a judgment, until entered, is not complete, perfect and effective until this is done; it, *nevertheless, is effective between the parties from the time of rendition.* (Emphasis supplied.)

'\* \* \* rendition of the judgment is the act of the judge, judicial, but the entry thereof the act of the clerk, ministerial, and the judge's signature is likewise a ministerial attestation to the correctness of the clerk's transcription of a judgment *complete in itself when pronounced by the judge. \* \* \*'* (Emphasis ours) Bailer v. Dowd (1942), 219 Ind. 624, 627, 40 N. E. 2d 325, 326."

The filing of a transcript within the time required is a jurisdictional act. *Brindle* v. *Anglin* (1965), 246 Ind. 601, 208 N. E. 2d 476. Failure to file the transcript within the time required deprives the reviewing court of jurisdiction to entertain the appeal. *Bowers* v. *Thornburg* (1961), 242 Ind. 272, 177 N. E. 2d 665. Relief from this 90-day deadline can be obtained only by filing a petition for extension of time with *this* court, pursuant to Rule AP. 14(A).

Wadkins has made no effort to obtain from this court an extension of time within which to file his Transcript. The nugatory action of the trial court on August 13, 1971, re-entering its judgment of May 26, 1971 to July 1, 1971, was an attempted feat of legerdemain which did not toll the time within which to perfect an appeal; nor was it aided by the agreement of the parties and our assumption the trial court and the parties acted in good faith. Rules AP. 3(B) and 14(A) cannot be defeated in this manner.

Regretfully we cannot decide this matter on its merits. This appeal is dismissed.

White, P.J. and Sullivan, J., concur.

NOTE.—Reported in 279 N. E. 2d 849.