## HOLIDAY PARK REALTY CORP. v. GATEWAY CORP.

[No. 1271A254; 1172S150. Filed April 20, 1972.
Transfer granted November 3, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*James E. Rocap, Jr., Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee.

## ORDER GRANTING TRANSFER AND ADOPTING OPINION OF COURT OF APPEALS

Appellant's "Petition to Transfer to Supreme Court" is hereby granted. This Court has carefully considered the Petition to Transfer and the memorandum in opposition there-

to and the Opinion of Judge Buchanan of the Court of Appeals, dated April 20, 1972, and reported in 281 N. E. 2d 519, and hereby orders this case transferred to this Court, and upon the granting of transfer hereby orders the Clerk of this Court to enter said Opinion in the records of the Supreme Court of Indiana as its Opinion, to be published in the Indiana Reports and in the N. E. Reporter as adopted from the Court of Appeals.

DONE at Indianapolis, Indiana, this 2nd day of November, 1972.

Hunter, Acting Chief Justice; Chief Justice Arterburn and DeBruler, J., vote to deny transfer.

BUCHANAN, J. — *STATEMENT OF THE CASE AND FACTS*—A money judgment was entered by the trial court against defendant-appellant, Holiday Park Realty Corporation (Holiday) resulting from an action on account brought by plaintiff-appellee, Gateway Corporation (Gateway). This appeal followed.

On December 18, 1969, this case was tried by the court without a jury. When concluded, the matter was taken under advisement and on January 15, 1970 judgment was entered for Holiday but without findings of facts and conclusions of law. The next day the court, on its own motion, vacated the judgment of the previous day, entering this Order on January 16, 1970:

> "The Court being duly advised now sets judgment aside and *sets date for completion of evidence and final argument* for March 11, 1970 at 2:00 P.M.
> "IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED by the Court that Judgment heretofore rendered on January 15th, 1970 be and hereby is set aside and held for naught." (Tr. p. 19.)  (Emphasis supplied.)

On December 16, 1970, the court made an entry that no additional evidence had been submitted and took the matter under advisement until December 31, 1970, with briefs to

be submitted. On June 8, 1971, judgment was entered against Holiday in the sum of $11,230.53 plus interest and the court also entered Findings of Facts and Conclusions of Law.

Holiday timely filed its Motion to Correct Errors, which was overruled.

*ISSUE*—Did the trial court err in setting aside its judgment of January 15, 1970 on its own motion?

Holiday argues that the trial court erred in setting aside the judgment of January 15, 1970 because no written reasons were assigned pursuant to Rule TR. 59 (E) (7) for taking such action.

Gateway, on the other hand, contends the trial court had the power, on its own motion, to vacate, set aside, or reopen any judgment rendered.

Holiday specifies in its Motion to Correct Errors that no notice was given by the court when it set aside the January 15, 1970 judgment. However, no argument on the notice question was presented by Holiday in its brief and is therefore waived. Rule AP. 8.3 (A).

*DECISION*—It is our opinion that the trial court did not err in setting aside its judgment of January 15, 1970 on its own motion because it did so in conformance with Rule TR. 52 (B).

In a somewhat different context, this court recently reviewed the power of a trial court to modify, set aside, or vacate its judgments. See *Wadkins* v. *Thornton* (1972), 151 Ind. App. 380, 279 N. E. 2d 849. We do not consider it necessary in determining the narrow issue before us to replow the ground of the broader aspects of a court's power over its judgments. Instead, we look to the specific language of the Indiana Rules of Trial Procedure. Neither party refers to Rule TR 52 (B) which we think governs the right of a trial court to amend or enter a new judgment as this trial court did on January 16, 1970 and June 8, 1971.

The last paragraph of Rule TR. 52(A) says that: "On appeal * * *, the court * * * shall not set aside the findings or judgment [of the trial court] unless clearly erroneous * * *."

Continuing, we find Rule TR. 52(B) to be the lamp that guides the feet of the trial judge as he amends or alters his findings or enters a new judgment *before* a motion to correct errors under Rule TR. 59 has been filed. Its guidelines are specific:

"(B) AMENDMENT OF FINDINGS AND JUDGMENT—CAUSES THEREFORE. *Upon its own motion at any time before a motion to correct errors* (Rule 59) *is required* to be made, or with or as part of a motion to correct errors by any party, *the court,* in the case of a claim tried without a jury or with an advisory jury, *may* open the judgment, if one has been entered, take additional testimony, amend or make new findings of fact and *enter a new judgment* or any combination thereof *if:*

(1) *the judgment or findings are either against the weight of the evidence, or are not supported by or contrary to the evidence;*

(2) special findings of fact required by this rule are lacking, incomplete, inadequate in form or content or do not cover the issues raised by the pleadings or evidence;

(3) special findings of fact required by this rule are inconsistent with each other; or

(4) the judgment is inconsistent with the special findings of fact required by this rule.

Failure of a party to move to modify the findings or judgment under this subdivision and failure to object to proposed findings or judgment or such findings or judgment which has been entered of record shall not constitute a waiver of the right to raise the question in or with a motion to correct errors." (Emphasis supplied.)

No Indiana cases to date have interpreted Rule TR. 52(B) and our research fails to uncover any comments concerning the effect of this rule on facts similar to the case before us. We are likewise unable to utilize federal court interpretations of Fed. R. Civ. P. 52(b) (the counterpart of Rule TR. 52(B))

in that the federal rule substantially differs from the Indiana rule. Our rule allows a trial court, on its own motion, to amend or vacate a judgment provided one of the four enumerated conditions in subsection (B) exists. The federal rule, on the other hand, allows the trial court to amend or vacate its judgments only upon motion by one of the parties. After such a motion has been filed with the court, however, the reasons for making an amendment or vacation appear unlimited.

With no star to guide us we proceed to interpret Rule TR. 52(B).

We find therein no requirement that the court specifically state in writing why it amends its judgment or enters a new judgment. It may do so on its own motion at any time before a motion to correct errors is filed if in its discretion any one or more of the enumerated defects exist. No more is required.

In vacating its judgment for Holiday entered January 15, 1970, and setting a future date "for completion of evidence and final argument," the trial court apparently considered the trial incomplete or that its judgment was against the weight of the evidence or was not supported by, or was contrary to, the evidence.

Since the court ultimately reversed its original judgment and held against Holiday on June 8, 1971 after the parties failed to offer additional evidence, we may safely assume that it considered its judgment of January 15, 1970, to be against the weight of the evidence, or was not supported by or was contrary to the evidence.

TR. 52(B) does not specifically require that the trial court in writing state the basis or the reasons for amending or entering a new judgment and we see no such implication in the language of the rule. It is sufficient if it appears from the record that the court acting on its own motion is doing so in accordance with any one of the four subdivisions of section B. It may be desirable to make an entry as to why the

action is taken, but it is not required. The purpose of the Rule is to allow the court to do what is necessary to accurately reflect its true judgment including correction of error(s) by entering a new judgment.

We can find no grounds for requiring written reasons in the operation of Rule TR. 52(B) merely because TR. 59(e)(7)[1] does so.[2] It is concerned with granting a new trial *after* a motion to correct errors has been filed. Holiday would transfer an unrelated portion of Rule TR. 59(E)(7) and thereby effect a marriage of the two sections—without the benefit of reason or authority.

The trial court having properly utilized the provisions of Rule TR. 52(B)(1) to set aside its judgment of January 15, 1970 in order to correct error therein, it did not err in doing

---

1. "(E) *Relief granted on motion to correct errors.* The court, if it determines that prejudicial or harmful error has been committed, shall take action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the issues:

"(7) In reviewing the evidence, the court shall grant a *new trial* if it determines that the verdict of a nonadvisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a nonadvisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

In its order *correcting error* the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. *If corrective relief is granted, the court shall specify the general reasons therefor.* When a *new trial* is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trail is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence." (Emphasis supplied.)

2. *Compare:* Hoosier Insurance Co. *v.* Ogle, (1971 Ind. App.) 276 N.E.2d 876.

so. The judgment of June 8, 1971 resulted from the trial court's correction of its previous judgment of January 15, 1970, and its action was not "clearly erroneous." Therefore, the judgment is affirmed.

White, P.J. and Sullivan, J., concur.

NOTE.—Reported in 281 N. E. 2d 519.