**Max L. DAVIDSON and Suzanne Davidson, Plaintiffs-Appellants,**

v.

**AMERICAN LAUNDRY MACHINERY DIVISION, MARTIN SALES, McGRAW–EDISON COMPANY and Ed McFadden, d/b/a McFadden Machinery Sales, Defendants-Appellees.**

No. 1–281A56.

Court of Appeals of Indiana, First District.

Feb. 25, 1982.

Rehearing Denied April 14, 1982.

---

Frank E. Spencer, Indianapolis, for plaintiffs-appellants.

Daniel E. Johnson, Brian K. Burke, Baker & Daniels, Indianapolis, for defendants-appellees.

RATLIFF, Presiding Judge.

## STATEMENT OF CASE

Max L. and Suzanne Davidson (the Davidsons) appeal from the Boone Circuit Court's dismissal and expunging of an earlier reinstatement of their cause of action for fraud against the McGraw-Edison Company

and other named defendants (McGraw). We affirm.

## FACTS

The pertinent facts in this case revolve solely around certain procedural issues. The Davidsons filed their complaint in Marion County Superior Court on July 18, 1973, alleging that McGraw fraudulently deceived them into establishing a dry cleaning store in Indianapolis. On August 6, 1973, McGraw moved to compel compliance with Ind.Rules of Procedure, Trial Rules 9(B) and 9.2(A); the court granted that motion on August 27, 1973. Because the Davidsons took no steps in more than a year to comply with the court's order, the trial court placed the cause on the call of the docket for January 21, 1975, but on February 24, 1975, at the request of the Davidsons, the court removed the case from the call. No action having been taken for more than half a year, the court again placed the cause on call of the docket for September 11, 1975, and on November 12, 1975, dismissed the cause for want of prosecution pursuant to Ind.Rules of Procedure, Trial Rule 41(E). On January 5, 1976, the trial court reinstated the action upon the Davidsons' oral request, although McGraw was given no notice of Davidsons' request and no hearing was held. As of the January date, moreover, the Davidsons still had not complied with the trial court's earlier order. On April 8, 1976, the trial court once again set the cause for call of the docket for May 27, 1976, and on June 1, 1976, set the cause for a pretrial conference to be held June 16, 1976, at 9:30 A.M. On June 16 the court reset the cause for call of the docket on August 24, 1977, and finally on that date the Davidsons filed an amended complaint purporting to comply with the court's order of August 1973. Nevertheless, once again on August 24, 1977,[1] the trial court dismissed the cause for want of prosecution and then reinstated the action on August

1. Technically, the record of proceedings shows the dismissal to have been made on August 23, 1977, but McGraw points out that the court's order book entry shows the dismissal to have been made on August 24, 1977, after the David- sons failed to appear for the call of the docket. We note also that the order in the record of proceedings supports the position that the 3 was merely a typographical error.

25, 1977, upon oral motion of the Davidsons but again with no notice to McGraw of a hearing. On September 6, 1977, McGraw filed a Consolidated Motion (1) to dismiss the action pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(6); (2) for a more definite statement under Ind.Rules of Procedure, Trial Rule 12(E); (3) to strike the amended complaint because the court did not comply with Ind.Rules of Procedure, Trial Rules 41 and 60 when it reinstated the Davidsons' action either on January 5, 1976, or again on August 25, 1977; and (4) for a change of venue. The court granted the motion for change of venue, and the cause was transferred to Boone Circuit Court where on March 13, 1978, the court set a September 18, 1978, trial date. Its earlier consolidated motion lying dormant, McGraw filed a Supplemental Motion to Expunge Order of Reinstatement and Confirm Dismissal on August 9, 1978. On September 12, 1978, the trial court, on its own motion, removed the case from its trial docket and on February 16, 1979, issued an order for the Davidsons to show cause on or before March 23, 1979, why their action should not be dismissed for want of prosecution. The Davidsons, however, still took no action. Local counsel did file an appearance on their behalf on March 23, 1979. Five months later, on August 24, 1979, the Boone Circuit Court again issued an order to show cause why the action should not be dismissed on or before September 14, 1979. On September 18, 1979, the Davidsons orally requested the cause be set for trial which was then scheduled for February 11, 1980. On November 28, 1979, McGraw filed a Second Consolidated Motion in which it reminded the court that its earlier Supplemental Motion to Expunge had not been ruled on. The court gave the Davidsons ten days to respond to McGraw's Supplemental Motion to Expunge which had been filed August 9, 1978. On December 18, 1979, the Davidsons requested and were granted eight more days within which to respond to McGraw's Motion to Expunge. However, as of September 3, 1980, nearly nine months later, the Davidsons had not yet responded, and the court granted McGraw's Supple-

mental Motion to Expunge and dismissed the cause. The case at that point had been pending in the trial court for more than seven years. Nevertheless, on September 15, 1980, again at the oral request of the Davidsons, the trial court set aside its dismissal and gave the Davidsons four more days in which to respond to McGraw's Supplemental Motion to Expunge. On September 19, 1980, the Davidsons finally filed a response. McGraw filed a reply, and on October 8, 1980, the Boone Circuit Court granted McGraw's Supplemental Motion to Expunge, and for the fourth time the Davidsons' action was dismissed.

## ISSUE

On appeal the Davidsons question whether or not the trial court's granting of McGraw's Motion to Expunge and subsequent dismissal of their case was contrary to law.

## DISCUSSION AND DECISION

The Davidsons argue that the first two dismissals of the action for want of prosecution had been without prejudice, that the trial court possessed, under statute, complete freedom to set aside its dismissals, and that McGraw had waived any right to question the reinstatements of the action after it requested and acquiesced in a change of venue.

As authority for their contention that McGraw waived its right to question reinstatement of the action after it sought a change of venue the Davidsons cite *State ex rel. Stoner v. Jasper Circuit Court*, (1936) 210 Ind. 634, 4 N.E.2d 552. This case involved the Porter Circuit Court's use of an improper procedure in granting a request for change of venue. Instead of submitting a list of counties from which the parties could strike, the judge simply ordered the venue changed to the Jasper County Circuit Court. The Indiana Supreme Court held that Stoner's remedy for this erroneous action by the Porter Circuit Court was either by way of an appeal from the court's action or by way of an original action in the

supreme court. However, the supreme court held Stoner, by acquiescing in the Porter Circuit Court's action, could not later assert that the cause was not properly in the jurisdiction of the Jasper Court. This case is inapposite to the situation here. In the instant case McGraw had presented several requests in its Consolidated Motion, the petition for a change of venue being only one. Its motion to expunge the reinstatement of the dismissal for failure to comply with Trial Rules 41(F) and 60(B), preserved in a timely fashion the procedural question at issue here.

█ This court faced the specific question of whether a court to which a cause is venued has the power or authority to reconsider rulings made by a court of original jurisdiction. In *Maley v. Citizens National Bank of Evansville*, (1950) 120 Ind.App. 642, 92 N.E.2d 727, *trans. denied*, it was argued that the court to which the cause had been venued had no authority to rehear issues decided by the court of original jurisdiction or to reverse its rulings. We held that a trial court does have the power upon good cause shown to reconsider, vacate, and make a contrary or modified ruling. We also stated:

"A court to which a cause is venued has the same jurisdiction and power to make any order or ruling which would have been made by the court in which the cause was originally filed.

Upon a change of venue, the court to which the cause is venued acquires jurisdiction of the cause and of the subject-matter which is coextensive with that of the court from which it was removed, and can make any order and render any judgment which might have been rendered by the court in which the action originated. *Niagara Oil Co. v. Jackson* (1911), 48 Ind. App. 238, 91 N.E. 825; *State ex rel. Karsch v. Eby, Judge* (1941), 218 Ind. 431,

33 N.E.2d 336; *Trook v. Trook* (1916), 63 Ind.App. 272, 113 N.E. 730."

120 Ind.App. at 652, 92 N.E.2d 727. Therefore, those questions raised in McGraw's Consolidated Motion which were before the Marion County Superior Court were still viable when the cause was venued to the Boone Circuit Court. We find no waiver of McGraw's right to question the reinstatement of the action or error in the Boone Circuit Court's assuming jurisdiction over the issues.

The thrust of McGraw's argument that the Marion County Superior Court's reinstatement of its earlier dismissals of this action were improper is based upon its reading of Trial Rules 41 and 60(B). McGraw contends that according to Trial Rule 41(B)[2] dismissals pursuant to Trial Rule 41(E) for failure to prosecute are dismissals with prejudice, and thus the dismissals may be set aside per Trial Rule 41(F)[3] only in accord with Trial Rule 60(B). The Davidsons baldly assert that "[t]he dismissals in this case at bar, stated for want of prosecution, were *not* 'with prejudice', and Rule 60(B) thus did not apply." Appellant's brief at 49.

█ We cannot agree with the Davidsons that simply because the court did not state that the dismissals pursuant to Trial Rule 41(E) were "with prejudice" they, as a matter of law, were "without prejudice." We agree with McGraw that the Rules clearly specify that the exact opposite shall be the case. Thus, dismissals for failure to prosecute an action are dismissals with prejudice unless otherwise provided by the court's order, 3 W. Harvey, Indiana Practice § 41.5 (1970), and if the dismissal is set aside as provided by Trial Rule 60(B) then it is properly done only after notice and a hearing. *State ex rel. AAFCO v. Lake Superior Court*, (1975) 263 Ind. 233, 328 N.E.2d 733;

---

2. Trial Rule 41(B): "... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

3. Trial Rule 41(F): "For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

*Gemmer v. Diehl,* (1980) Ind.App., 411 N.E.2d 1248, *trans. denied; School City of Gary v. Continental Electric Co.,* (1973) 158 Ind.App. 132, 301 N.E.2d 803, *trans. denied.*

■ We must also disagree with the Davidsons that the fact a court retains power and control over its judgments for ninety days after they are rendered under Ind. Code 33–1–6–3 [4] and for sixty days under Ind.Code 33–1–6–4 [5] in any way relieves the trial court from following the Indiana Rules of Procedure in changing, modifying, or setting aside those judgments. The essence of the Davidsons' argument here was disposed of by this court in *Wadkins v. Thornton,* (1972) 151 Ind.App. 380, 279 N.E.2d 849, where the trial court apparently had attempted to extend the time for appeal by reentering its ruling on a motion to correct errors. Judge Buchanan wrote in *Wadkins* that although by statute the court possessed broad powers during term time to modify, set aside, or vacate its judgments, a trial judge could not by a wave of his gavel "inhibit finality of judicial proceedings and effectively emasculate" our trial and appellate rules. 279 N.E.2d 851. He pointed out that by statute and case law such correction, modification, or vacation during term was for "good cause" and that such "good causes" were now embodied in Trial Rule 60(B). Therefore, even though the parties in *Wadkins* had agreed to the reentry of the court's overruling of the motion to correct errors, the failure of the trial court to proceed under Trial Rule 60 was fatal.

Because the Marion County Superior Court clearly erred in reinstating its August 24, 1977, dismissal for failure to prosecute without complying with the notice and hearing provisions of Trial Rule 60, we find no error in the Boone County Circuit Court's granting of McGraw's motion to expunge the reinstatement and subsequently dismissing this cause.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.

---

**4.** IC 33–1–6–3: "Power and control over judgments; retaining after rendering Sec. 3. All courts shall retain power and control over their judgments for a period of ninety (90) days after the rendering thereof in the same manner and under the same conditions as they have heretofore retained such power and control during the term of court in which the judgments were rendered. (*Formerly: Acts 1967, c.141, s.3* )."

**5.** IC 33–1–6–4: "Term of court describing or fixing period of time Sec. 4. Wherever, in any statute, rule or order, a period of time is described or fixed by a term of court, a period of sixty (60) days for the purposes of time limitation only shall be substituted in lieu of a term of court. (*Formerly: Acts 1967, c.141, s.4* )."