## WILSON, TRUSTEE, *v.* EDMONDS ET AL.

[No. 11,327. Filed June 28, 1922.]

1. TRUSTS.— *Trustee.— Removal.— Power of Court.*—While the discretion reposed in a trustee by a will is not an arbitrary discretion, and the acts of the trustee in the execution of the trust may for sufficient cause be controlled by the court, or the trust terminated by it when the purpose thereof has been accomplished, the court has no power to arbitrarily remove a trustee or terminate the trust. p. 504.

2. TRUSTS. — *Removal of Trustee. — Termination of Trust. — Grounds.— Reduction of Corpus of Trust Fund.*— Where an item of a will creating a trust empowered the trustees to hold in trust the share of the trust fund to be paid to a daughter at the death of her mother, if in the judgment and discretion

of the trustees there was any danger of loss to the daughter resulting from the payment of such share to her, a petition asking the termination of the trust which alleged that the daughter had ample income for her support and maintenance, that she wished the trust fund to be distributed among her children, who under the will were to receive part of their mother's share of the trust estate, that the cost of operating the trust had been high, and the *corpus* materially reduced out of proportion of benefit derived, that she was a person of good and economical habits and in good health, and that she believed it would be safe and would not result in any danger of her suffering want if the trust funds were distributed, *held* not to state facts warranting the removal of the trustee or the termination of the trust.    p. 504.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by Hester Edmonds and others against Samuel A. Wilson, trustee.    From a judgment for plaintiffs, the defendant appeals.    *Reversed.*

*R. M. Miller, H. C. Barnett* and *O. S. Barnett,* for appellant.

*George I. White* and *Fred R. Owens,* for appellees.

McMahan, J.—Elijah W. Bronson died testate in Johnson county in 1870.    By item 2 of his will he bequeathed $10,000 to his executor to be invested in bonds of the United States to be held in trust and the interest thereon paid as collected to his wife for her support during her life, and at the death of his wife he bequeathed the said bonds to his eight children.    That part of said item 2 so disposing of said bonds after the death of his wife reads as follows:

"And at her death, the said bonds or the proceeds thereof  *  *  *,  I give and bequeath to my eight children, viz., Hester Ann Edmonds, (here follow the names of seven other children) share and share alike, it being my will and purpose that the amount herein bequeathed to my daughters, Hester Ann Edmonds, *  *  *,  to them in their own right and for the sole

use of my said daughters, and their children, free from the control and management of either husbands, or either of them. My intention being to vest in my said daughters, a separate estate herein in as full and ample manner, as though they were single women; and I hereby authorize and empower my said executors, as such trustees, if in their judgment and discretion there is danger of loss to my said daughters or either of them, of the principal then in such case, the said trustees, shall hold such shares or share in trust for such legatee, paying to her or them the interest as before provided to be paid    *    *    *."

By item 4 the testator gave the balance of his property to his eight children named in item 2, on the same terms and conditions as were used in item 2, and with the same provisions relative to the executors holding the property in trust and to pay the income to the daughters.

Upon the settlement of the estate of the testator the share of Mrs. Edmonds was retained by the executor and trustee. On November 6, 1881, the trustee had on hand in said trust $11,844.22. This trust has been administered by the trustee named in the will and by successors to the time when this petition herein was filed. The last report of the present trustee, Samuel A. Wilson, was filed in October, 1916, at which time he had in his hands a balance of $4,946.71. Mrs. Edmonds has been a widow for several years and was between eighty-three and eighty-four years old when the petition herein was filed. She owns a productive farm of 151 acres located in Johnson county. Mrs. Edmonds, all of her children, and Charles Delaney, who had been appointed guardian for her, as an aged and infirm person, joining therein, filed a petition, reciting the facts as above stated, and alleged that in their opinion the income from the farm would be ample for the support and main-

tenance of Mrs. Edmonds, and that she wished the trust fund to be distributed among her children; that the cost of operating the trust had been high and the *corpus* of the trust materially reduced out of proportion to the benefits derived therefrom; that the farm was rented to Mr. Delaney, her guardian; that she is a person of good and economical habits, in good health, and that the petitioners believed it would be safe and would not result in any danger of her suffering want if the trust funds be distributed to her and her children, and they asked that appellant be required to show cause why the trust funds in his hands should not be immediately paid to the children and the trust terminated.

Appellant filed a demurrer to this petition, one of the specifications being that the petition did not state facts sufficient to constitute a cause of action. This demurrer being overruled, appellant excepted, and refusing to plead further, the matter was submitted to the court, and after a hearing the court ordered appellant as trustee to file a final report, that the trust be closed, and the balance of the trust funds be paid to the guardian of Mrs. Edmonds.

Appellant contends that the court erred in overruling his demurrer to the petition. Appellees contend that the court, having on the death of the trustee named in the will, appointed the successor, that the court below had control of the trustee in his management of the trust, and that the funds are under the control of the court. It may be true, as claimed by appellees, that the discretion reposed in a trustee by a will is not an arbitrary discretion, and that the acts of the trustee in the execution of the trust may for sufficient cause be controlled by the court, or the trust terminated by the court when the purposes of the trust have been accomplished. The court, however, has no power to arbitrarily remove a trustee, much less to ter-

minate the trust. The evidence is not in the record, but assuming that all the facts alleged in the petition are true and that they were all proven on the trial, they are not sufficient to even justify the removal of the trustee. There is no allegation that the trustee has in any manner failed to. honestly and faithfully execute the trust. No complaint is made of any act of his, and there is no claim that the purpose of the testator in creating the trust has been accomplished.

As was said in *Cuthbert* v. *Chauvet* (1892), 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745: "It is true that Courts of Chancery and other equity tribunals have always exercised a supervisory power over the management of trust estates and the conduct of trustees, but they have never, save in exceptional cases, asserted the power to dissolve a trust before the expiration of the term for which it was created. The exceptions have been rare, and have always belonged to a well defined class, where the interference of the court did not disturb or destroy the trust scheme, but was rendered necessary in order to prevent .its entire failure. Trusts which have become impossible of performance because of the existence of conditions not anticipated or foreseen when they were created, are of this character; also marriage settlements where the marital relation has been annulled; and other kindred cases. There was also a larger class, where the court would decree dissolution of the trust upon the application of all the interested parties, but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished, and all the interests created by it had become vested. (2 Perry on Trusts [3d ed.] §920; *Bowditch* v. *Andrew*, 8 Allen. 341.) Even then the assent of the trustee was essential to the exercise of jurisdiction. In none of these cases could it be said that the plan of the trust had been defeated,

or the trust funds diverted from their original purpose. In all of them the trust had become moribund and its life had practically terminated by the force of events not within the control of the trustee, and for which provision had not been made in the trust deed, and a final distribution of the trust estate could properly be decreed, but we have failed to find a case where it was ever attempted, as it is here, to strangle a trust in its infancy by judicial coercion. * * * Trusts are usually created for the purpose of withholding from the beneficiaries or other interested parties the control and disposition of the principal of the trust fund for reasons which appear sufficient to the settlor, and they are not as a general rule regarded with satisfaction by the persons who are thus deprived of the possession of the trust estate; and if the precedent here sought to be established should prevail, it would be easy for the parties, who would profit by a dissolution of the trust, to create a condition which would render such a result attainable."

It is clear that the facts alleged are not sufficient to warrant the removal of the trustee or the termination of the trust.

Judgment reversed with direction to sustain the demurrer to the petition and for further proceedings consistent with this opinion.