Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**ROBERT J. PALMER**
May Oberfell Lorber
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES P. KNEPP**
**ANDREA KUREK SLAGH**
Hahn, Walz, and Knepp
South Bend, Indiana



FILED
May 10 2012, 9:21 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ESTATE OF NANCY JEAN McMILLEN, | ) | |
| | ) | |
| | ) | |
| DONNA McMILLEN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1107-ES-324 |
| | ) | |
| THOMAS KANE, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
Cause No. 71J01-1107-ES-180

**May 10, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The St. Joseph Probate Court denied a petition filed by Donna McMillen ("Donna") in which she sought to remove Thomas Kane ("Kane") as the personal representative of the Estate of Nancy McMillen ("the Estate") and as trustee of a trust established by Nancy's will, of which Donna was the named beneficiary. Donna appeals and presents two issues, which we restate as: (1) whether the trial court abused its discretion in denying Donna's request to remove Kane as trustee, and (2) whether the trial court abused its discretion in denying Donna's request to remove Kane as personal representative of the Estate.

We affirm.

## Facts and Procedural History

Kane and Nancy McMillen ("Nancy") were the children of Ted Kanczucewski and the late Jean Kanczucewski.[1] Before she died, Jean spent over $200,000 for care in a nursing facility. While his mother was in the nursing facility, Kane spoke with an estate planner and attended seminars, where he was informed that the cost of his mother's care could potentially leave insufficient funds remaining for the care of his father. Kane was also advised that, as his father's attorney-in-fact, he could transfer money from his father's account. Kane therefore transferred money out of his father's account, including $132,800 he transferred to his sister Nancy.

---

[1] Kane's surname was originally Kanczucewski.

Nancy died on June 28, 2010, and a will she executed in 1999 was submitted to probate without objection.[2] The pertinent portions of Nancy's will provided that the residuary of her estate be held in a trust ("the Trust") for the benefit of her daughter Donna as follows:

> 3.1   I hereby request that my Personal Representative sell the remainder of my estate property, including my home, and that the net proceeds, after the payment of debts, taxes and the administration of my estate, be held in Trust and prudently invested for the benefit of my daughter, Donna McMillen, hereinafter "my daughter."
>
> 3.2   The Trustee shall pay all of the net income of the Trust to my daughter in convenient installments, not less frequently than quarterly.
>
> 3.3   The Trustee shall distribute so much of the trust principal to my daughter, at the Trustee's sole and absolute discretion for her health and support taking into consideration all other income available to my daughter.
>
> * * *
>
> 3.5   No interest in any Trust created by this instrument shall be transferable or assignable to my daughter, or be subject during her life to the claims of her creditors, including alimony, property settlement, or support claims.
>
> 3.6   If my daughter dies before the termination of a Trust created for her benefit, the balance remaining in said Trust shall be distributed to my brother, Thomas T. Kane.
>
> 3.7   The Trustee shall provide an accounting to my daughter each year.
>
> 3.8   The Trustee shall distribute all remaining income and principal to my daughter no later than ten (10) years after my death.

Appellant's App. pp. 16-17.   Kane was named as the trustee of the Trust and as personal representative of Nancy's Estate.

Following Nancy's death, Kane attempted to remove the $132,800 of their father's money that he had previously transferred from their father's account to Nancy.   Kane did

---

[2]   At the hearing on Donna's petitions, she presented into evidence a subsequent will that apparently Nancy prepared on August 25, 2008, but this will was not submitted to probate.

not consider this money to be a legitimate part of Nancy's Estate and believed that this money could, or at least should, be used for the care of his father. After speaking with the Estate's attorney, however, Kane discovered that he was legally unable to transfer the money out of Nancy's Estate.

Although Donna lived in Oregon, during the administration of her mother's Estate, she temporarily moved to her mother's home in Indiana to help prepare it for sale. Kane, as personal representative of the Estate, paid for the real estate taxes, utilities, and insurance. Donna submitted invoices to the Estate to reimburse her for costs she incurred while repairing and maintaining the home. Kane, as personal representative of the Estate, authorized payment of Donna's invoices until shortly before the hearing on Donna's petition to remove him as personal representative and trustee, at which point he refused to pay a $900 invoice Donna had submitted for lawn work. Kane claimed that he had confirmed that the lawn had not been properly mowed by Donna or anyone else. Thereafter, Kane informed Donna that he would not pay any other expenses she submitted to the Estate unless he preapproved them.

Donna also attempted to find a buyer for the house, and in September 2010, Donna found buyers willing to purchase the house. Kane executed a purchase agreement with these buyers, but the deal fell through when the buyers were unable to sell their home. Donna then wished to use a specific real estate agent to help sell the home. Kane, however, chose another real estate agent that he had used in the past.

On August 16, 2010, Donna filed a verified petition to remove Kane as personal representative of Nancy's Estate. On February 28, 2011, Donna filed an amended

4

petition seeking to remove Kane as personal representative and as trustee. A hearing on

the petition was held on June 20, 2011. On June 22, 2011, the trial court denied Donna's

petition. Donna filed a notice of appeal on July 22, 2011, and this appeal ensued.

## I.  Removal of Trustee

A.  *Standard of Review*

Pursuant to Indiana Code section 30-4-3-22(a)(4) (2009), "[a] beneficiary of a

trust may maintain an action . . . to remove a trustee for cause and to appoint a successor

trustee." Indiana Code section 30-4-3-29(a)(1) (2009) also provides that "[a] trustee may

be removed . . . [b]y the court." The decision to remove a trustee is within the sound

discretion of the trial court, and we will reverse the trial court only when the court clearly

abuses its discretion. Massey v. St. Joseph Bank & Trust Co., 411 N.E.2d 751, 753 (Ind.

Ct. App. 1980). As explained in Massey:

> An abuse of discretion is an erroneous conclusion and judgment, one
> clearly against the logic and effect of the facts and circumstances before the
> court or the reasonable, probable and actual deductions to be drawn
> therefrom. The exercise of a lower court's discretion is not reviewable,
> rather it is only the alleged abuse of the power which is reviewable on
> appeal[.]

Id. (quoting Dunbar v. Dunbar, 145 Ind. App. 479, 483, 251 N.E.2d 468, 471 (1969)).

When reviewing a trial court's decision for an abuse of discretion, we will not

reweigh evidence or judge the credibility of the witnesses. See Swartz v. Swartz, 720

N.E.2d 1219, 1221 (Ind. Ct. App. 1999). Furthermore, Donna, as the petitioner, is

appealing from a negative judgment. See Massey, 411 N.E.2d at 753 (noting that

beneficiary whose petition to remove trustee was denied appealed from a negative

5

judgment).  As such, Donna must establish that the evidence is without conflict and leads but to one conclusion which was not reached by the trial court.  Id.  Upon the review of a negative judgment, we neither reweigh the evidence nor resolve issues of credibility, and instead we consider only the evidence favorable to the trial court's judgment.  Id.  With this standard of review in mind, we address Donna's arguments.

B.  *Donna's Arguments*

Donna claims that, because of an alleged conflict of interest and because of personal animosity between her and Kane, the trial court should have removed Kane as trustee.  With regard to the first claim, Donna notes that Nancy's will provides that the trust principal must be distributed to Donna no later than ten years after Nancy's death.  Nancy's will also provides that, if Donna should die before the termination of the trust, the balance remaining in the trust shall be distributed to Kane.  Donna therefore claims that Kane could distribute the entire value of the trust to Donna immediately without violating the terms of the trust.  Donna also claims that, because of Kane's status as a contingent beneficiary, he has an incentive to distribute as little as possible of the trust to Donna in order to maximize the value of the trust to ensure a greater value of the trust should Donna die before the end of the ten-year trust period.

In support of her claim, Donna refers to the non-probated will she claims Nancy prepared in 2008 which would have given the residuary of Nancy's Estate directly to Donna.  Unfortunately for Donna, this will was not probated, and we fail to see how this will is relevant to a trust created under the will that was submitted to probate.  In fact, Donna made no objection when the 1999 will was probated.  Donna refers us to no

6

evidence which would indicate that Kane failed to distribute the income of the trust to Donna with the hope of maximizing the value of the trust should Donna die before the end of the ten-year trust period. The fact that he has not immediately distributed the entire value of the trust does not indicate that Kane is hoping to receive the trust should Donna predecease him. Instead, it is consistent with the language of the will creating the trust, i.e. that Donna receive income from the trust for no more than ten years after Nancy's death, at which time the entire value of the trust was to be distributed to Donna.

Donna acknowledges that a breach of loyalty does not exist in every situation where a trustee is also a contingent beneficiary under the trust. But she claims that Kane demonstrated a breach of his duties to maintain trust property when he attempted to remove the $132,800 he had previously given to Nancy from their father's funds and when he insisted that these funds were not a legitimate part of Nancy's Estate. However, once Kane was informed that he was unable to do so legally, he gave up his efforts to remove this money from Nancy's Estate. The fact that Kane at one point misunderstood the law does not necessarily mean that the trial court was obligated to remove him as trustee, especially when Donna refers us to no evidence that Kane attempted to remove this money from Nancy's Estate after he was informed that he was legally unable to do so.

Donna also claims that Kane failed to preserve the real estate, referring only to the fact that Kane refused to pay Donna for the $900 invoice she submitted for lawn care expenses. Although Kane acknowledges that he refused to pay this bill, he testified that he did so because he confirmed that Donna had not been taking care of the yard and did not even own a lawn mower. Although Donna claims that she hired a lawn service to

7

mow the lawn, the trial court was under no obligation to discredit Kane's testimony and instead believe Donna's testimony. Furthermore, the evidence indicates that Kane, acting as personal representative of the Estate, did pay other expenses relating to Nancy's home and allowed Donna to live at the home without charging rent in exchange for her help in preparing the house for sale. Kane made sure that the real estate taxes, homeowner's insurance, and utilities for the home were paid while Donna lived there. Kane's refusal to pay one invoice submitted by Donna does not conclusively establish that Kane failed in his duty to maintain the real estate.

Donna also claims that her relationship with Kane was so hostile that Kane should not be allowed to continue to act as trustee. However, hostility between the trustee and the beneficiaries is not a per se ground for removal of the trustee. Massey, 411 N.E.2d at 758. "Mere friction between the trustee and the beneficiary is not a sufficient ground for removing the trustee unless such friction interferes with the proper administration of the trust." In re Guardianship of Brown, 436 N.E.2d 877, 886 (Ind. Ct. App. 1982) (quoting Restatement (Second) of Trusts § 107 cmt. (b) (1959)). Indeed, "because a trust is frequently imposed to keep the trust principal out of the beneficiaries' hands, some hostility between the trustee and the beneficiaries is almost to be expected." 28 Ind. Law Encyc. Trusts § 87 (citing Maley v. Citizens Nat'l Bank of Evansville, 120 Ind. App. 642, 655, 92 N.E.2d 727, 733 (1950); Wilson v. Edmonds, 78 Ind. App. 501, 136 N.E. 48, 49 (1922)).

The evidence favoring the trial court's decision does not indicate that the relationship between Kane and Donna had broken down to the point where removal of

8

Kane as trustee was required. Kane testified that, until Donna filed her petition to remove Kane as trustee and personal representative, they spoke on at least a daily basis. He further testified that they spent time together and that Kane visited Donna in Montana. Although there may have been disagreement regarding one invoice and some friction created by Donna's filing of the petition, the trial court could reasonably have concluded that any personal friction between Kane and Donna did not interfere with the administration of the trust.

Donna certainly presented some evidence that, if credited, might have supported a decision by the trial court to remove Kane as trustee. However, the trial court was under no obligation to credit Donna's evidence. And given our standard of review, we are unable to conclude that the trial court abused its discretion by denying Donna's petition to remove Kane as trustee.

## II. Removal of Personal Representative

In a related argument, Donna claims that the trial court abused its discretion by denying her request to remove Kane as personal representative of Nancy's Estate.

A. *Standard of Review*

The removal of a personal representative is governed by Indiana Code section 29-1-10-6(b) (2010), which provides in relevant part:

> When the personal representative becomes incapacitated (unless the incapacity is caused only by a physical illness, infirmity, or impairment), disqualified, unsuitable or incapable of discharging the representative's duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in Indiana, the court may remove the representative in accordance with either of the following:

(1) The court on its own motion may, or on petition of any person interested in the estate shall, order the representative to appear and show cause why the representative should not be removed. The order shall set forth in substance the alleged grounds upon which such removal is based, the time and place of the hearing, and may be served upon the personal representative in the same manner as a notice is served under this article.

(2) The court may without motion, petition or application, for any such cause, in cases of emergency, remove such personal representative instantly without notice or citation.

A court with probate jurisdiction has broad discretion in the removal of estate administrators, and, as with the removal of trustees, we will review only for an abuse of that discretion on appeal. In re Estate of Sandefur, 685 N.E.2d 719, 722 (Ind. Ct. App. 1997). "The burden of proof is on the party seeking to have the personal representative removed and we must only consider the evidence most favorable to the appellee." Hauck v. Second Nat'l Bank of Richmond, 153 Ind. App. 245, 267-68, 286 N.E.2d 852, 865 (1972). As such, the party appealing from the trial court's denial of a petition to remove a personal representative appeals from a negative judgment. See Buckland v. Reed, 629 N.E.2d 1241, 1245 (Ind. Ct. App. 1994) (noting that when a party having the burden of proof at trial appeals, that party appeals from a negative judgment). Thus, as with her petition to remove Kane as trustee, Donna again must establish that the evidence is without conflict and leads but to one conclusion which was not reached by the trial court. Massey v. St. Joseph Bank & Trust Co., 411 N.E.2d 751, 753 (Ind. Ct. App. 1980). Upon the review of a negative judgment, we neither reweigh the evidence nor resolve issues of credibility, and instead we consider only the evidence favorable to the trial court's judgment. Id.

10

B. *Unsuitability*

In arguing that the trial court should have removed Kane as personal representative of Nancy's Estate, Donna again refers to ill will and hostility that exist between her and Kane. In this argument, she focuses on the dispute between her and Kane with regard to the real estate agent Kane chose to assist him in selling Nancy's house. Donna, however, admits that Kane had the legal right to make this decision, but argues that this demonstrates his "ill will" toward her. We disagree. Donna has referred us to no evidence that Kane's choice of a real estate agent harmed the Estate. A simple disagreement with regard to the choice of the real estate agent is insufficient to demonstrate Kane's unsuitability to be personal representative.[3]

Donna also claims that Kane is unsuitable to be personal representative because of Kane's attempts to hide his father's funds. Donna claims, and Kane does not deny, that his transfer of $132,800 of his father's money to Nancy was done in an attempt to allow his father to receive Medicaid assistance. And after Nancy's death, Kane attempted to reclaim the funds he had transferred to Nancy from the Estate. This, Donna argues, shows that Kane was acting with "unclean hands" and that he was therefore unsuitable to act as personal representative of the Estate.

We again observe, however, that Kane was unsuccessful in his attempt to transfer what he considered his father's funds out of Nancy's Estate. Donna refers to no evidence that Kane attempted to transfer these funds after he was informed by the Estate's attorney

---

[3] Donna also claims that, pursuant to the will she claims her mother signed in 2008, Donna was to be given authority over the real estate. Again, however, this 2008 will was not submitted to probate, and Donna did not object the 1999 will being probated.

11

that it was legally improper for him to do so. Nevertheless, Donna argues, "The fact that Kane was unsuccessful in his attempt to reclaim the money does not establish his suitability to be a personal representative." Appellant's Br. at 22. But Kane was not required to establish that he was a suitable personal representative. Donna, as the party seeking to remove Kane, bore the burden of proving that Kane was unsuitable. See Hauck, 153 Ind. App. at 267-68, 286 N.E.2d at 865.

Donna also speculates regarding what Kane might do in the future to prevent Donna from accessing the Estate's assets. In so doing, she again refers to the 2008 will she admitted into evidence. Again, however, this 2008 will was not submitted to probate, and Donna did not challenge the 1999 will as being invalid.

In short, viewing only the evidence favorable to the trial court's judgment, we cannot say that the trial court abused its discretion in denying Donna's petition seeking to remove Kane as personal representative of the Estate.

C. *Bond*

Donna also claims that Kane is statutorily unqualified to act as personal representative of the Estate because he failed to post the required bond. Indiana Code section 29-1-10-1(d)(3)(A) (2010) requires that an individual who is not a resident of Indiana, but who otherwise qualifies to act as a personal representative, may qualify to serve as a personal representative in Indiana only by filing with the court a bond in an amount not less than the probable value of the estate's personal property, plus the estimated rents and profits to be derived from the property in the estate during the probate periods, and not greater than the probable gross value of the estate.

12

It is undisputed that Kane is not a resident of Indiana. Therefore, Donna claims that Kane was required to post the bond required by statute of non-resident personal representatives. When the trial court appointed Kane as personal representative, it stated, "no bond is required except on further order of this Court." Appellant's App. p. 14. Donna therefore claims that Kane did not post any bond and is statutorily unqualified to act as personal representative.

Kane's response is two-fold. He first claims, and Donna admits, that she did not raise this issue before the trial court. It is well settled that any issue not raised before the trial court is waived for purposes of appeal. As we explained in GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC:

> As a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court. This rule exists because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties. Appellate courts, on the other hand, have the authority to review questions of law and to judge the sufficiency of the evidence supporting a decision. *The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider.* Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case. Consequently, an argument or issue not presented to the trial court is generally waived for appellate review.

764 N.E.2d 647, 651 (Ind. Ct. App. 2002) (citations omitted) (emphasis added). We therefore agree with Kane that this issue has been waived for purposes of appeal.

Kane nevertheless insists that he did file a bond. Donna claims that the materials referred to by Kane in support of this are not before the court. Donna appears to be correct that, despite his reference to an Appellee's Appendix, Kane filed no appendix

13

with his brief. Had Donna raised this issue before the trial court, perhaps a more complete record regarding this issue could have been made and submitted to this court on appeal. But the fact remains that Donna waived this issue by failing to present it to the trial court, and we find no abuse of discretion on the part of the trial court in denying her petition to remove Kane as personal representative of the Estate.

## Conclusion

The trial court did not abuse its discretion in denying Donna's request to remove Kane as trustee, nor did the trial court abuse its discretion in denying Donna's request to remove Kane as personal representative of Nancy's Estate. Further, Donna's claim that Kane failed to file a bond is waived for purposes of appeal.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.